UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CROWN AUTO DEALERSHIPS
d/b/a CROWN NISSAN,

       Plaintiff,

v.                          CASE NO.  8:12-CV-1367-T-17TGW

NISSAN NORTH AMERICA,
INC.,

       Defendant.

_____/


ORDER

This cause is before the Court on:

Dkt.  3      Motion to Compel Arbitration and To Stay Proceedings
            Or Dismiss Claims
Dkt. 6      Response in Opposition

This case was removed from the Pinellas County Circuit Court on June 20, 2012.
Plaintiff Crown Auto Dealerships d/b/a Crown Nissan is a motor vehicle dealer, and
Defendant Nissan North America, Inc. is a distributor/licensee.  Plaintiff sues Defendant
on its own behalf, and on behalf of the Florida Department of Highway Safety and
Motor Vehicles.

The Complaint includes the following:

Count I      Violation of Section 320.64(10)(c), Florida
             Statutes
Count II     Injunction, S. 320.695, Florida Statutes
Count III    Breach of Contract
Count IV   Promissory Estoppel

Case No. 8:12-CV-1367-T-17TGW

As to Count I, Plaintiff seeks the entry of judgment against Defendant for treble damages, attorney's fees and costs.  As to Count II, Plaintiff seeks an injunction requiring Defendant to comply with its obligations to provide to Crown the $300,000 in financial assistance that has been provided to other Nissan dealers who have participated in the Nissan Retail Environmental Design Initiative ("NREDI')  program at the major remodel level, and the award of reasonable attorney's fees and costs.  As to Count III, Plaintiff seeks a judgment against Defendant for damages and costs.  As to Count IV, Plaintiff seeks the entry of a judgment against Defendant for the amount of the promised financial assistance, and costs.  Plaintiff seeks a jury trial.

The Facility Program - Dealer Participation Agreement ("DPA") dated February 25, 2009 between Nissan North America, Inc. and Crown Nissan is attached to the Complaint (Dkt. 2, pp. 11-19).  This Agreement includes the following provision:

> (21) The Parties acknowledge that, at the state and federal level, various courts and agencies are available to them to resolve claims or controversies that might arise between them.  The Parties agree that it is inconsistent with their relationship for either to use courts or governmental agencies to resolve such claims or controversies.  The Parties agree to submit all disputes to Mediation, unless waived by written agreement of the Parties.  Mediation is conducted before an independent mediator.  The Parties will participate and present their position to each other and the mediator in an effort to resolve their disagreement.

> If the Dispute is not resolved through Mediation, then, consistent with the provisions of the United States Arbitration Act (9 U.S.C. Sec. 1 et seq.), the Parties understand that they are free to voluntarily agree upon an alternative dispute resolution process for any dispute that may arise under this Agreement.  The Parties hereby agree that any such dispute which might arise among one or more of the Parties will be submitted to and resolved through binding Arbitration, which shall be the exclusive mechanism to resolve all such disputes arising during the term of this Agreement and thereafter through binding Arbitration conducted in accordance with the commercial rules and procedures of the international Institute for Conflict Prevention and Resolution ("CPR"), with arbitration hearings to be held in Davidson County, Tennessee.  There shall be a

Case No. 8:12-CV-1367-T-17TGW

single Arbitrator appointed to resolve such disputes, and the Arbitrator
shall have authority to award all appropriate relief, including but not limited
to specific performance and injunctive relief.  Arbitration awards shall be
binding and non-appealable, except as otherwise provided in the United
States Arbitration Act.  Judgment upon any such award may be entered
and enforced in any court of competent jurisdiction.


Defendant Nissan North America, Inc. moves for an Order compelling arbitration
of the four claims asserted by Plaintiff.  Defendant argues that each count arises from
and is based on Plaintiff's participation in the NREDI program and Defendant's alleged
failure to pay the financial assistance specified in the DPA.  Each count incorporates
the same factual allegations, and there would be no other claims if Defendant had fully
complied.


Plaintiff Crown Auto Dealerships, Inc. d/b/a Crown Nissan responds that Counts I
and II do not arise under the DPA, and are not arbitrable.  Plaintiff argues that the
alleged obligations violated by Defendant in Counts I and II arose independent of and
prior to the parties entering into the DPA.  Plaintiff argues that obligation to comply with
Section 320.64, Florida Statutes, arose when the parties entered into the Dealer
Agreement.

I. Standard of Review


A dispute ordinarily is arbitrable if the parties have agreed to arbitrate it.  As the
Eleventh Circuit Court of Appeals has said:

Absent some violation of public policy, a federal court must refer to
arbitration any controversies covered by the provisions of an arbitration
clause.  Chastain v. Robinson-Humphrey, Co.  957 F.2d 851, 854 (11th
Cir. 1992).  Whether a party has agreed to arbitrate an issue is a matter
of contract interpretation: "[A] party cannot be required to submit to

3

Case No. 8:12-CV-1367-T-17TGW

> arbitration any dispute which he has not agreed so to submit." <u>United
> Steelworkers of America v. Warrior & Gulf Navigation Co.</u>, 363 U.S. 574,
> 582 (1960).

<u>Telecom Italia v. SpA v. Wholesale Telecom Corp.</u>, 248 F.3d 1109, 1114 (11th Cir.
2001). The canons of construction run in favor of arbitration. <u>See</u>, e.g., <u>Moses H. Cone
Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983) ("any doubts
concerning the scope of arbitrable issues should be resolved in favor of arbitration").
"Because the FAA is at bottom a policy guaranteeing the enforcement of private
contractual arrangements, [the Court] look[s] first to whether the parties agreed to
arbitrate a dispute, not to general policy goals, to determine the scope of the
agreement." <u>E.E.O.C v. Waffle House, Inc.</u>, 534 U.S. 279, 294, 122 S.Ct. 754, 764, 151
L.Ed.2d 755 (2002) (citation and quotation marks omitted). Even though there is a
presumption in favor of arbitration, "[t]he courts are not to twist the language of the
contract to achieve a result which is favored by federal policy but contrary to the intent
of the parties." <u>Goldberg v. Bear, Stearns & Co.</u>, 912 F.2d 1418, 1419–20 (11th
Cir.1990). That means "the parties will not be required to arbitrate when they have not
agreed to do so." <u>Id.</u> at 1419; <u>see</u> <u>also</u> <u>Waffle House</u>, 534 U.S. at 294, 122 S.Ct. at 764
("Arbitration under the FAA is a matter of consent, not coercion." (quotation marks and
alteration omitted)); <u>Telecom Italia</u>, 248 F.3d at 1114 (" '[A] party cannot be required to
submit to arbitration any dispute which he has not agreed so to submit.' " (quoting
<u>United States of Am. v. Warrior & Gulf Nav.</u>, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4
L.Ed.2d 1409 (1960))).

II. Discussion

A. Count I

Plaintiff argues that Plaintiff's claim in Count I does not arise under the Dealer

4

Case No. 8:12-CV-1367-T-17TGW

Participation Agreement, and that the issue is not whether Defendant did not live up to its obligations under the DPA but whether Defendant provided a benefit to other dealers that it did not offer to Plaintiff on substantially similar terms.  Plaintiff argues that Defendant had a duty to provide the program to Plaintiff if Defendant provided the program to any other dealers, and that Defendant's duty arose before the contractual agreement existed.   Plaintiff argues that the applicable test is whether the claim in question could have existed absent the subject contract.

In Count I, Plaintiff alleges that "Defendant's refusal to provide financial assistance to Plaintiff under the NREDI program constitutes a violation of section 320.64(10)(c)," (par. 28) and Plaintiff has been damaged thereby.    Plaintiff seeks judgment for treble damages and other relief under section 320.697, Florida Statutes.

The Dealer Participation Agreement is attached to the Complaint.  The parties' Agreement explicitly provides that "it is inconsistent with the parties' relationship to use either courts or governmental agencies to resolve claims or controversies that might arise between them."   The parties agreed to submit  those claims or controversies to mediation, and if not resolved, to binding arbitration: "The Parties hereby agree that any such dispute which might arise among one or more of the Parties will be submitted to and resolved through binding arbitration, which shall be the exclusive mechanism for resolving any dispute, controversy or claim among the Parties."  The agreement to arbitrate does not include the phrase "any dispute arising from or relating to" the Agreement, but the explicit provision for "no courts or governmental agencies," "mediation or arbitration of any dispute that might arise," and "exclusive means" reflects the intent of the parties that the scope of the agreement to arbitrate is broad, not narrow.

The parties entered into the Agreement on February 25, 2009.   In the Complaint, Plaintiff alleges that Defendant notified Plaintiff that Defendant would not

5

Case No. 8:12-CV-1367-T-17TGW

provide funds to Plaintiff under the NREDI program on February 24, 2012.   Based on
the allegation that Defendant's refusal to provide financial assistance is a statutory
violation, the Court finds that Plaintiff's claim arose during the term of the Agreement.

The Court notes that, in general, a court should enforce an arbitration agreement
according to its terms, and no exception exists for causes of action founded on
statutory rights.   Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614,
626-27 (1985).  The parties could have agreed to limit the scope of the agreement to
arbitrate to non-statutory claims, but did not do so.  The Court has found no authority
which explicitly prohibits the arbitration of disputes brought under s. 320.697, Florida
Statutes.  The Court notes that the Agreement provides that the Arbitrator has the
authority to award all appropriate relief, including specific performance and injunctive
relief.  The Arbitrator therefore has the authority to award the relief sought by Plaintiff in
Count I, treble damages.

The Court also notes that an agreement to arbitrate is subject to revocation for
any defense available under state contract law, such as fraud, duress, or
unconscionability; none of those defenses have been asserted.

Based on the broad scope of the agreement to arbitrate, and the
allegations of a contractual nexus between the alleged statutory violation and the
Agreement, the Court concludes the arbitration of Count I is appropriate.

B.  Count II    Injunction

For the same reasons expressed above, the Court concludes that arbitration of
Count II is appropriate.  Accordingly, it is

6

Case No. 8:12-CV-1367-T-17TGW

**ORDERED** that Plaintiff's Motion to Compel Arbitration and Stay Proceedings (Dkt.; 3) is **granted**. The Clerk of Court shall **administratively close** this case during the arbitration proceedings.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 15th day of February, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record