UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CROWN AUTO DEALERSHIPS
d/b/a CROWN NISSAN,

      Plaintiff,

v.                            CASE NO. 8:12-CV-1367-T-17TGW

NISSAN NORTH AMERICA,
INC.,

      Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 10  Motion for Clarification And/Or Reconsideration
Dkt. 11  Response

The Court entered its Order granting the Motion to Compel Arbitration and To Stay Proceedings. (Dkt. 9). Plaintiff has moved for clarification and/or reconsideration of the Court's ruling as to the scope of the arbitration provision in the Dealer Participation Agreement.

I. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689,

Case No. 8:12-CV-1367-T-17TGW

694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II. Discussion

Plaintiff seeks clarification and/or reconsideration of the Court's Order on the basis that the Order goes beyond the arguments presented in support of and opposition to the Motion to Compel. Plaintiff argues the parties agree that the Dealer Participation Agreement ("DPA") applies to any dispute that may arise under the Agreement, and the only disagreement between the parties is whether the statutory claims asserted by Plaintiff Crown arise under the DPA. Plaintiff argues that the Court's Order could be read to interpret the DPA in a manner inconsistent with the parties' agreed interpretation and the plan language of the DPA.

To the extent that the holding of the Order is that the claims in the Complaint arise under the DPA such that they are subject to mandatory arbitration, Plaintiff requests an Order clarifying that point. To the extent that the Court's holding that the arbitration provision of the DPA goes beyond disputes arising under the DPA, Plaintiff seeks reconsideration.

Case No. 8:12-CV-1367-T-17TGW

In response, Defendant argues that the Court was presented with only the facts alleged by Plaintiff in the Complaint, and the four claims Plaintiff asserted based on those facts, which the Court determined to arise out of the DPA. Defendant argues that no clarification is necessary regarding unknown claims which Plaintiff may assert.

The Court's Order speaks for itself. It is limited to the dispute before the Court for determination: Defendant sought an order compelling arbitration of the four claims asserted by Plaintiff, and Plaintiff contended that the Counts I and II did not arise under the DPA and were not arbitrable. The Court concluded that all four claims were arbitrable, and granted the Motion to Compel Arbitration and Stay Proceedings. After consideration, the Court denies the Motion for Clarification and/or Reconsideration. Accordingly, it is

**ORDERED** that the Motion for Clarification and/or Reconsideration (Dkt. 10) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this ___ day of February, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record